## STATE v. JOHN ZUPONCIC.[1]

### May 23, 1919.

### No. 21,279.

**Intoxicating liquor — sale in dry county.**

The evidence sustains the finding of the jury that the defendant sold intoxicating liquor in a dry county.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of unlawfully selling intoxicating liquor, tried in the district court for that county before Hughes, J., and a jury which returned a verdict of guilty as charged in the indictment. From the order denying his motion for a new trial, defendant appealed. Affirmed.

*John E. Manthey,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney and *Edward L. Boyle,* Assistant County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of selling intoxicating liquor to one Tikkonen, at Aurora, in St. Louis County, and appeals.

St. Louis is dry. A sale there, with exceptions not material here, is in violation of the local option statute. Laws 1915, p. 24, c. 23. Tikkonen and his partner testified that the defendant sold the former whiskey. The defendant denied doing so. He was conducting a soft drinks establishment where it was claimed the sale was made. His testimony was corroborated by that of two or three witnesses. The jury could have

[1]Reported in 172 N. W. 693.

found that no sale was made. It chose to find that one was made. The determination of the fact was within its exclusive province and the evidence is quite sufficient to sustain its finding.

Order affirmed.